STILPHEN v. ELLIOTT et al.

No. 3208.    Decided June 11, 1918.    Rehearing Denied July 6, 1918.
(173 Pac., 700.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—CONTRACT—
    "NET PROFITS." The term "net profits" in a contract providing
    plaintiff should receive "10 per cent. of the net profits accruing"
    on any business he closed for the defendant company, means the
    "net profits" on the contracts or work plaintiff obtained, and the
    expense of operating defendants' general business must not be con-
    sidered in determining compensation.   (Page 581.)
2. APPEAL AND ERROR—REVIEW—EVIDENCE—WEIGHT AND SUFFICIENCY
    —LAW CASE. There being substantial evidence in the record to
    support the court's findings in a law case, the appellate court will
    not review the evidence to determine its weight.  (Page 582.)

Appeal from the District Court of Salt Lake County, Third District; _Hon. Wm. H. Bramel,_ Judge.

Action by C. A. Stilphen against William R. Elliott and another, as copartners, doing business as the Utah Engineering & Machinery Company.

Judgment for plaintiff. Defendants appeal.

AFFIRMED.

*Moore, Mitchell & Maginnis* and *George Buckle* for appellants.

*H. V. VanPelt* for respondent.

GIDEON, J.

Plaintiff brought this action to recover the sum of $445 alleged to be due for two diamond rings sold defendants on or about the 1st day of November, 1913. Defendants answered admitting the purchase of the diamond rings, but alleged in a counterclaim that the plaintiff was indebted to defendants for moneys advanced to plaintiff while in the employ of defendants.

It appears that defendants (a partnership) are an engineering concern conducting a business in Salt Lake City; that about January 23, 1911, plaintiff was employed by the defendants to assist in handling defendants' business. The contract between the parties is in writing, consisting of a letter addressed to the plaintiff by the defendants and the acceptance by plaintiff of the terms outlined in that letter. The proposition contained in the letter is as follows:

"We will pay you a salary of $125.00 per month and traveling expenses, and 10 per cent. of the net profits accruing to this company on any business that you may succeed in closing for us." Further on in the letter it is stated: "This 10 per cent., of course, would be payable to you on completion of the work."

There is no serious conflict as to the amount of the profits on the business which the plaintiff succeeded in obtaining for the

defendants.  Appellants (defendants) contend that the net profits mentioned in the contract is the balance after deducting the entire expense of defendants in conducting their business, including the salaries drawn by the defendants during the time the plaintiff was employed. On the other hand, it is the contention of plaintiff (respondent) that the true construction is that he is entitled to ten per cent. of the net profits on the contracts or work which he succeeded in obtaining for the defendants; that is, that the expense of operating defendants' general business is in no way to be considered in determining the amounts he is to receive, and that the correct construction is to deduct from each separate contract or job the expenses connected with that contract, and that he is entitled to a commission on the balance or net profits of that particular business or work. The district court adopted the construction contended for by plaintiff. We do not think that the contract is susceptible of any other construction. As will be observed, the proposition submitted does not state that plaintiff should receive a commission on the net profits accruing to the business of the defendants, but the "net profits accruing to this company on any business that you may succeed in closing for us." In addition, it is stated that the commission was payable "on the completion of the work," a condition which would be impracticable of fulfillment, if not impossible, if plaintiff is only to receive 10 per cent. of the net earnings after deducting all overhead charges of operating defendants' business. If that provision of the contract is to be enforced, it would be necessary for the defendant company to take an account of its business at the close of every contract which the plaintiff might succeed in obtaining for it.

"If an employee is to receive a per cent. of the net profits of all sums realized on certain contracts, only the expense necessary on account of such contracts should be deducted, and not any of the expenses incidental to the management of the employer's business." 26 Cyc. 1036; *Daintrey* v. *Evans*, 148 App. Div. 275, 132 N. Y. Supp. 126.

Some further objection is made that, even adopting that rule of construction, the findings of the court are not justi-

fied by the testimony, as the amount allowed plaint-        2
iff was in excess of what the evidence showed the gross
profits of the business which he acquired would justify.
There is substantial evidence in the record to support the
court's findings, and, this being a law case, this court will not
review the evidence to determine its weight.

It follows that there is no prejudicial error in the record,
and the judgment is affirmed.    Costs to respondent.

FRICK, C. J., and McCARTY, CORFMAN, and THUR-
MAN, JJ., concur.